IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULISSA SARAHI LIRA AND<br>NORMA VICENTA MORAN,<br>　*Plaintiffs*,<br><br>v.<br><br>T. CLEMENT LOGISTICS, LLC AND<br>HEZEKIAH OMAR ALEXANDER,<br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: 1:24-cv-443 |

## NOTICE OF REMOVAL

To the Honorable United States District Court:

Comes now, Defendant T. Clement Logistics, LLC, (referred to herein as "Defendant") and files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that diversity jurisdiction exists under 28 U.S.C. § 1332, and removing the above-captioned case from the 335th Judicial District Court of Bastrop County, Texas, to the United States District Court for the Western District of Texas, Austin Division. In support, Defendant respectfully shows the Court the following:

### I.　Introduction

1.　On February 8, 2024, Plaintiffs Julissa Sarahi Lira and Norma Vicenta Moran ("Plaintiffs") filed suit in the 335th Judicial District Court of Bastrop County, Texas against Defendants for damages allegedly suffered as the result of an

motor vehicle accident that occurred on May 16, 2022.[1] On that date, Plaintiffs claim that that they were injured when a vehicle driven by Hezekia Omar Alexander, while in the course and scope of his employment with T. Clement Logistics, LLC, collided with Plaintiffs' vehicle.[2]

2.     Defendant T. Clement Logistics, LLC was served with process on April 2, 2024.[3]

3.     Removal is proper because there is complete diversity between the parties and Plaintiff is seeking over $75,000 in damages.

## II.     Procedural Requirements for Removal

4.     Upon filing this Notice of Removal, T. Clement Logistics, LLC provided written notice of this removal to Plaintiffs and the Bastrop County District Court Clerk as required by 28 U.S.C. § 1446(d).  Copies of all processes, pleadings, and orders are attached hereto pursuant to 28 U.S.C. § 1446(a).[4]

5.     This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is filed on or before the expiration of 30 days from April 2, 2024, the date that T. Clement Logistics, LLC first received Plaintiffs' Original Petition.[5]

---

[1]  *See* **Ex. "A"**, Pl.'s Original Pet., ¶¶ 8-9, attached hereto and referred to herein, but not incorporated.
[2]  *Id.*
[3]  *See* **Ex. "B"**, State-Court Citation for T. Clement Logistics, LLC, attached hereto and referred to herein.
[4]  **Ex. "A"**, Pl.'s Original Pet.; **Ex. "B"**, State-Court Citation for T. Clement Logistics, LLC; **Ex. "C"** Docket Sheet and Other Processes, Pleadings, and Orders for Cause No. 2633-335; *Julissa Sarahi Lira et al. v. T. Clement Logistics, LLC et al,*  In the 335th Judicial District Court of Bastrop County, Texas, attached hereto and referred to herein.
[5]  *See* **Ex. "B"**, State-Court Citation for T. Clement Logistics, LLC.

### III.     Venue

6. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

### IV.     Parties

7. Plaintiff Julissa Sarahi Lira is a resident of Bastrop County, Texas.[6]

8. Plaintiff Norma Vicenta Moran is a resident of Bastrop County, Texas.[7]

9. Defendant T. Clement Logistics, LLC is a Louisiana Limited Liability Company, whose sole member, Tylerton J. Clement, is a Louisiana resident.[8]

10. Defendant Hezekiah Omar Alexander is a resident of Lafayette, Louisiana.[9]

### V.     Basis for Removal

11. Federal courts may exercise diversity jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.[10]  Additionally, none of the properly joined and served defendants may be a citizen of the forum state.[11]  The removing

---

[6]  **Ex. "A"**, ¶ 2.
[7]  *Id.*
[8]  *See* **Ex. "D",** Louisiana Secretary of State Annual Report for T. Clement Logistics, LLC.
[9]  **Ex. "A"**, ¶4.
[10]  28 U.S.C. § 1332(a)(1).
[11]  *Id.* at § 1441(b).

defendant bears the burden to show that proper federal diversity jurisdiction exists to sustain removal.[12]

12. The relevant jurisdictional facts are to be judged at the time of removal.[13] Subsequent events, such as filing an amended complaint cannot deprive the court of jurisdiction once it has attached.[14]

**A.  There is complete diversity amongst the parties.**

13. In this case, there is complete diversity between the parties as the plaintiffs are citizens of Texas, and the defendants are citizens of Louisiana.[15] None of the defendants are citizens of Texas, the forum state.

**B.  The amount in controversy exceeds $75,000.**

14. Under 28 U.S.C. § 1446(c)(2), when removal is based on diversity jurisdiction, the sum demanded in good faith in the initial state-court pleading is the amount in controversy. Further, the United States Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that if a plaintiff's state-court complaint makes a good faith demand for a certain amount of monetary relief, that amount is deemed to be the amount in controversy.[16]

---

[12] *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[13] *Id.*

[14] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (reducing damages after removal not allowed).

[15] *See* **Ex. "A"**, ¶¶ 2-4 (Plaintiffs pleads that that they are residents of Texas and that Hezekiah Omar Alexander is a citizen of Louisiana. Defendant T. Clement Logistics, LLC is a citizen of Louisiana).

[16] *See* 135 S. Ct. 547, 551 (2014) (citing § 1446(c)(2) (internal quotation marks omitted)).

15. Here, Plaintiffs expressly plead in their state-court petition that they are seeking to recover over $1,000,000 in damages.[17] Accordingly, the amount-in-controversy requirement has been satisfied.

## VI. Unanimity of Consent for Removal

16. When removal is based on diversity jurisdiction, generally all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal.[18]

17. Here, T. Clement Logistics, LLC is the only defendant properly joined and served.[19] Accordingly, the unanimity-of-consent requirement is satisfied.

## VII. Conclusion

18. T. Clement Logistics, LLC has shown that complete diversity of the parties exists in this case and that the amount in controversy exceeds the $75,000 jurisdictional threshold. For these reasons, T. Clement Logistics, LLC has demonstrated that the requirements for removal under 28 U.S.C. § 1441 have been satisfied.

## VIII. Prayer

Wherefore, premises considered, Defendant T. Clement Logistics, LLC prays that the state court action now pending in the 335th District Court of Bastrop County, Texas, be removed to this Honorable Court.

*[Signatures on following page]*

---

[17] *See* **Ex. "A"**, ¶ 33.
[18] 28 U.S.C. § 1446(b)(2)(A).
[19] *See generally* **Ex. "A"**.

Respectfully submitted,

_____
Brendan P. Doherty
Texas Bar No. 24075923
bdoherty@glllaw.com
Kim Fojtik
Texas Bar No. 24119695
kfojtik@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001
***ATTORNEYS FOR DEFENDANTS***
***T. CLEMENT LOGISTICS, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served upon the following parties via electronic filing, facsimile, and/or U. S. Mail, this 23rd day of April, 2024.

Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Yudovich Yarrito
Texas Bar No.: 24096611
Yudo.Yarrito@sj-lawfirm.com
Andre Mackey
Texas Bar No.: 24120985
Andre.Mackey@sj-lawfirm.com
4807 Spicewood Springs Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
***ATTORNEYS FOR PLAINTIFF***
***JULISSA SARAHI LIRA AND***
***NORMA VICENTA MORAN***

_____
BRENDAN P. DOHERTY